## Thomas W. Orendorff v. Helen C. Orendorff.

1. SEPARATE MAINTENANCE—*An Insufficient Cause.*—The fact that a husband becomes disagreeable by reason of sickness which he can not control, furnishes his wife no sufficient cause for leaving him, and saying that she is living separate and apart from him without her fault.

**Separate Maintenance.**—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

SAMPLE & MORRISSEY, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit is in equity by appellee against appellant, her husband, for separate maintenance under the statute in such cases. The bill was answered and the cause was referred to the master to take the evidence and report the same to the court with his conclusions of law and fact. The master reported favorably to appellee, and appellant having duly objected and excepted to the same, and the objections and exceptions having been overruled, the court upon the final hearing approved the report of the master and gave its decree against appellant, and ordered him to pay the costs, $30 solicitor's fees and $38 per month to appellee, commencing January 1, 1900, from which appellant has prosecuted this appeal, and to effect its reversal insists that it is not warranted by the law nor the evidence.

The findings of the master upon the conduct of the parties in their relations to each other, and upon which the decree is based, are to the effect that defendant until about nine years ago was an industrious man, at which time his health became impaired, and since then he occasionally has been seriously sick; both parties are possessed of high temper and spirited dispositions; for a number of years there have been occasional disputes and quarrels, and since the sickness of defendant the quarrels have become frequent and serious, and the husband has frequently cursed his wife, and used insulting and improper language, and threatened to get a divorce from her. The master also finds that within the last few years the defendant on one occasion used physical violence toward his wife and also threatened and attempted to strike her, but these latter findings we

Orendorff v. Orendorff.

think are not sustained by the evidence, and we believe we are warranted in the conclusion from the evidence in the case that at no time has appellant used physical violence toward his wife, nor can it be justly found that he ever threatened such violence with intent to do the same.  Appellee denied to her husband the rights of the marital relation and ceased to live with him.  Although appellant has requested his wife to return to his home, she refused; and persisted in such refusal.  The parties are past middle life and have grown children.

It is difficult to justify or excuse conduct portrayed by the evidence in this case.  We are not called upon to do so. The only question for judgment by this court is whether the evidence proves that appellee without her fault lived separate and apart from her husband when she filed the bill herein.  We are unwilling to say that because the husband becomes disagreeable by reason of sickness which he can not control, that his wife may make that a cause for leaving him, and then say that she is living separate and apart from her husband without her fault, and thereby obtain a decree of the court for a separate maintenance.  She may deny to her husband the marital rights and leave his domicile for such reasons as appear from the evidence in this case if she will, for it is not the province of a court of justice to advise; but that for such cause she may have the decree of a court of equity for a separate maintenance and the power of the court to enforce it, we think was not intended by the legislature in the enactment of the statute in such cases.

Upon the whole evidence we are of the opinion no good or legal cause for the separation of the wife from the husband existed, and we are compelled to the conclusion appellee is not living separate and apart from her husband without her fault, within the meaning of the legislative intent in the use of that language.

The decree of the Circuit Court will be reversed and the cause remanded to that court with directions to dismiss the bill.  Reversed and remanded.